EDWARD H. BAKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25080.    Promulgated September 30, 1929.

*Frank J. Maguire, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, and *S. B. Anderson, Esq.*, for the respondent.

734

## OPINION.

TRAMMELL: The single issue presented for decision here is whether the petitioner suffered a net loss in 1922, which is deductible from his

net income for 1923, under the provisions of section 204 of the Revenue Act of 1921, which reads in pertinent part as follows:

SEC. 204. (a) That as used in this section the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer * * *.

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; * * *

Thus, the issue here is resolved into the question whether the loss sustained by the petitioner in 1922 resulted from the operation of any trade or business regularly carried on by him.

In order to constitute a " net loss " within the meaning of the statute, it is not necessary that the taxpayer should sustain the loss in his principal business or vocation. The word " business " is qualified by the word " any." The taxpayer is entitled to this benefit where the loss is incurred in " any trade or business regularly carried on " by him. *Oscar K. Eysenbach*, 10 B. T. A. 716. And the term " business " is comprehensive. " Business " is anything " which occupies the time, attention, and labor of men for the purpose of a livelihood or profit." *Flint* v. *Stone-Tracey Co.*, 220 U. S. 107; *Von Baumback* v. *Sargent Land Co.*, 242 U. S. 503; *Edwards* v. *Chile Copper Co.*, 270 U. S. 452.

It seems clear from the facts which we have found hereinabove that, for more than 10 years prior to the taxable year, the petitioner had been engaged in the business, among other things, of organizing and/or promoting corporations, and that, as an incident of said business, he was required to help finance such corporations with his personal funds. The loss here in question resulted from the lending or advancing of money by the petitioner to the Consolidated Utilities Corporation, which was a corporation organized and promoted by the petitioner. The amount so advanced by the petitioner was to be repaid to him out of funds from the sale of the corporation's stock to the public, but the stock was not sold, the corporation went into bankruptcy, and the petitioner lost the amount of his loans. This loss, in our opinion, resulted from the operation of a trade or business regularly carried on by the petitioner, and is to be considered in computing a net loss within the meaning of the statute above quoted. *Charles H. Van Etten*, 8 B. T. A. 611; *Oscar K. Eysenbach, supra.*

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SMITH dissents.